UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHNNIE M. GRAHAM, JR.,

    Petitioner,

v.                            Case No: 2:16-cv-808-FtM-29NPM

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

    Respondents.

---

**OPINION AND ORDER**

Before the Court is Petitioner Johnnie M. Graham, Jr.'s ("Petitioner" or "Graham") *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, constructively filed on October 27, 2016. (Doc. #1). Graham challenges his conviction entered by the Twentieth Judicial Circuit Court in and for Lee County, Florida for second degree murder. (Doc. #1, p. 1). Respondent filed a Limited Response incorporating a motion to dismiss the petition as untimely filed, to which Petitioner filed a Reply. (Docs. #12; #16). Respondent also filed an Appendix (Doc. #14) containing relevant portions of the state court record. For the reasons below, the Court finds Graham timely filed his federal habeas petition, and therefore orders Respondent to file a response indicating why the relief sought should not be granted.

**I.**

On August 9, 2000, following a jury trial, Graham was adjudicated guilty and sentenced to life imprisonment for second degree murder. (Doc. #14, Ex. #1c)[1]. Graham filed a direct appeal, and the Second District Court of Appeal affirmed his judgment and sentence on September 19, 2002. (Ex. #2; #5). Petitioner did not petition for a writ of certiorari with the United States Supreme Court, but filed a series of state-court post-conviction motions, two of which are important here.

First, on June 25, 2003, Graham filed a state-court petition for writ of habeas corpus in which he challenged the lawfulness of his sentence. (Ex. #10). The appellate court granted the petition, and reversed and remanded the case for re-sentencing. (Ex. #13). On February 9, 2005, Petitioner was re-sentenced by the trial court to 417.2 months imprisonment, and Judgment was filed. (Ex. #18). Petitioner appealed his re-sentencing, which was affirmed on February 24, 2006. (Ex. #19; #22). Petitioner did not seek certiorari review.

The state court records reflect no additional filing until August 13, 2013, when Graham filed a Motion to Supplement/Add Additional Grounds to the Original Rule 3.850 Motion. (Ex. #24). This motion to supplement asserted that Graham had filed a Rule

---

[1] All references to "Ex." followed by a number are found in Doc. #14.

3.850 motion with the state post-conviction court on September 13, 2004, prior to his re-sentencing. (Ex. #24, pp. 1-5). In support, Petitioner provided a copy of a South Bay Correctional Facility Legal/Privileged Mail Log showing that prison mail officials received his "Motion for Post-Conviction Relief" on September 13, 2004. (Id., p. 7).

On October 2, 2013, the post-conviction court denied Petitioner's request to add new claims to his original Rule 3.850 motion because request was untimely under the Florida two-year statute of limitations. (Id., pp. 52-55). The post-conviction court also found that in "an abundance of caution . . . it appears that, at the very least, the original motion should not be outright dismissed as untimely." (Id., p. 54). Instead, the post-conviction court permitted petitioner to expand claims already raised in the original motion, but found any new claims to be time-barred. (Id.) The post-conviction court directed the state to address the merits of the original Rule 3.850 motion, and allowed it to address the timeliness of the motion. (Id., p. 54).

The State's Response to the Rule 3.850 motion contested the merits of the motion. (Ex. #24, pp. 56-62). The State also filed a Notice of Intent to Raise Laches Defense (Ex. #24c, p. 1135) at the evidentiary hearing which had been granted as to three of the grounds raised by petitioner. In the State's Written Closing Arguments (Ex. #24f) the State argued the motion was barred by

laches because Graham failed to use reasonable diligence in pursuing his claims after filing the motion in September 2004. (Ex. #24f, pp. 1205-1215).

On September 21, 2015, the state court denied the Rule 3.850 motion on the merits and as barred by laches. (Ex. #24i). As to the laches issue, the state court essentially found that petitioner had filed the Rule 3.850 motion in a timely manner, but "did not exercise due diligence in the pursuit of his postconviction motion." (Id., p. 2685.) In sum, the state court found "that Defendant did not exercise requisite due diligence in prosecuting his 3.850 postconviction motion and that the State was prejudiced by the delay that resulted." (Id. at 2686.)

Graham timely appealed the post-conviction court's denial of his Rule 3.850 motion, and the Second District Court of Appeal affirmed the denial without written opinion on April 20, 2016. (Ex. #31; #33). Graham instituted these federal habeas proceedings about six months later. (Doc. #1).

## II.

Respondent moves to dismiss this case as untimely under 28 U.S.C. § 2244. (Doc. #12). Respondent argues that the motion was filed long after the expiration of the one-year limitations period, and the limitations period was not tolled by Graham's Rule 3.850 motion because it was not "properly filed," as required by federal statute.

Title 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), sets a one-year limitations period in which a person in custody pursuant to a state court judgment may file a federal habeas petition. This one-year limitation period runs from the latest of four triggering events, only one of which is applicable here: "[t]he date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"  28 U.S.C. § 2244(d)(1)(A).  Here, for the purposes of 28 U.S.C. § 2244(d)(1)(A), Petitioner's judgment became final on May 25, 2006[2], and he had through May 25, 2007, to file a federal habeas corpus petition.

The one-year clock is stopped, however, during the time the petitioner's "properly filed" application for state postconviction relief "is pending." 28 U.S.C. § 2244(d)(2); Day v. McDonough, 547 U.S. 198, 201 (2006); Green v. Sec'y, Dep't of Corr., 877 F.3d 1244, 1247 (11th Cir. 2017) (citations omitted).  Petitioner did not file his federal habeas petition anytime near May 25, 2007, and the question becomes whether petitioner's Rule 3.850 motion was properly filed and therefore tolled the statute of limitations.

---

[2] On February 24, 2006, the Second District Court of Appeals entered its order affirming on direct appeal Petitioner's re-sentencing. (Ex. #22).  Petitioner then had ninety days, or through May 25, 2006, to petition the United States Supreme Court for writ of certiorari.  See Sup. Ct. R. 13(1), (3).

If the Rule 3.850 motion was "properly filed," then the one-year limitation would have been tolled until resolution of the motion in April 2016.

A federal habeas petition is not "properly filed" if the state post-conviction court has already rejected the allegedly tolling motion as untimely. Pace v. DiGuglielmo, 544 U.S. 408, 414, 417 (2005); Allen v. Siebert, 552 U.S. 3, 5, 7 (2007). Here, the state post-conviction court did not find the Rule 3.850 motion untimely, but denied it on the merits and based on laches for a lack of due diligence in prosecuting the motion <u>after</u> it had been filed. Therefore, the state court has not already rejected the motion as untimely.

Respondent can also show that the record establishes that the motion was actually not "properly filed" despite the state court's consideration of the merits of the motion. To determine whether a state post-conviction motion was properly filed, courts must "look at the state procedural rules governing filings to determine whether an application for state post-conviction relief is properly filed." Wade v. Battle, 379 F.3d 1254, 1260 (11th Cir. 2004) (internal citation and quotation marks omitted). In Florida, the mailbox rule applies to a filing by *pro se* petitioners who are incarcerated. See Haag v. State, 591 So.2d 614, 617 (Fla. 1992) (adopting the rule of Houston v. Lack, 487 U.S. 266 (1988)). "Under the mailbox rule, a petition . . . filed by a *pro se* inmate

is deemed filed at the moment in time when the inmate loses control over the document by entrusting its further delivery or processing to agents of the state. Usually, this point occurs when the inmate places the document in the hands of prison officials." Haag, 591 So.2d at 617 (citation omitted).

Unless evidence to the contrary is presented, the Court must assume that a prisoner delivered a legal filing to prison authorities on the date he signed it. United States v. Glover, 686 F.3d 1203, 1205 (11th Cir. 2012) (superseded by regulation for other reasons). Such evidence may include "prison logs or other records[.]" Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014) (citation omitted). Respondent bears the burden of proving the filing was delivered to prison authorities on a date other than the date the prisoner signed or that the filing was not delivered to prison authorities for mailing. Id. at 1314 (citation omitted).

The evidence before the Court is a mail log showing Petitioner placed a post-conviction motion for relief in the hands of prison mail officials on September 13, 2004. (Ex. #24, p. 7). The original motion, although not bearing an official date stamp, shows a date of September 2004. (Id., p. 51). While the state court never received the motion, Graham filed two notices of inquiry with the post-conviction court. (Ex. #24e, p. 1203; #24i, pp. 2685-2686). Respondent, although given the opportunity to do so,

provided no evidence showing the Rule 3.850 motion was not delivered to prison authorities for mailing on September 13, 2004. Thus, the evidence reflects Petitioner delivered his Rule 3.850 motion to prison officials on September 13, 2004. (Ex. #24, p. 7). Respondent has not met its burden of showing otherwise, and the Court finds that the Rule 3.850 motion was properly filed in state court on September 13, 2004. As such, the Rule 3.850 motion tolled the federal one-year limitations period until April 21, 2016, and the instant action was timely filed.

Accordingly, it is now

**ORDERED:**

1. Respondent's Limited Response (Doc. #12), filed as a motion to dismiss the petition as untimely (Doc. #12, p. 10), is **DENIED.**

2. Respondent, within **ONE HUNDRED AND TWENTY (120) DAYS** from the date of this Order, shall file a response titled "<u>Response to Petition</u>," addressing the merits of Petitioner's claims in compliance with the Court's November 14, 2016 Order (Doc. #6).

**DONE** and **ORDERED** in Fort Myers, Florida this ___19th___ day of March, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

- 8 -